## ZAN et al. v. QUONG SANG LUNG.

*(Circuit Court, N. D. California. October 12, 1891.)*

PATENTS FOR INVENTIONS—PRIOR STATE OF ART—DYEING BROOMS.

Letters patent No. 159,409, to William S. Hancock, for an improvement in brooms by dyeing the broom-corn so as to prevent destruction by rats and mice, and to obviate the injurious effects to the worker in broom-corn from the sulphur with which the corn is usually bleached, and also to designate different qualities of the corn by different colors, describes, in the specifications, particular compounds to form the colors, but states that the inventor does not limit himself to these ingredients. *Held* that, as the art of dyeing is not new, the patent must be limited to the particular ingredients named.

In Equity. Bill for infringement of patent.

*John L. Boone,* for complainants.

*T. C. Van Ness,* for respondent.

HAWLEY, J. This is a bill in equity for the infringement of letters patent No. 159,409, granted to William S. Hancock for an "improvement in brooms." In his specification forming part of the letters patent he claims to "have invented certain new and useful improvements in brooms," and states that his invention "consists in coloring broom-corn, or brooms made of broom-corn." To enable others skilled in the art to use the same, he described how his invention may be carried out, as follows:

"My idea is to color broom-corn in different colors, to designate different qualities; for instance, green and red, or any other colors desired. For col-

oring green, I use a dye composed of methyl-green, indigo, carmine, picric-acid crystal, and alum, in about equal parts, dissolved in water."

And then he uses another compound, and states that he does not confine himself to these ingredients, but that there are other coloring materials that can be used. The advantages to be derived from his invention are stated in his specification substantially as follows:

"It preserves the corn, particularly after being made into brooms, from being cut or eaten by rats or mice. Great destruction of broom-corn is caused by these vermin, and bleaching by sulphur or brimstone in no way hinders them. Hundreds of dollars of damage to a stock of brooms or broom-corn is frequently caused by these vermin in a few hours. Rats and mice will not eat broom-corn colored as I propose to do. Another and far greater advantage, and which is of paramount importance, is the advantage to the health of the worker in broom-corn by the absence of the smoke of sulphur or brimstone, which is always used in the old process."

Having given a full description of his invention, he claims as new "a broom made from broom-corn colored by dyeing, as above set forth."

It appears upon the face of the letters patent that the idea of coloring brooms made from broom-corn was not new, but the inventor claimed an improvement in this respect by coloring brooms by the dyeing process instead of by the sulphur process. No other interpretation can be given to this patent. The advantages claimed to be gained by the improvement of the patentee relates directly and solely to this point. The dyeing process necessarily required the immersion of the broom-corn in water,—either cold, tepid, or boiling water. The patentee does not prescribe what the particular temperature of the water shall be. The art of dyeing is not new. If the invention was for a cold process, as claimed by complainant's counsel, the patent should have so stated in clear and explicit terms. If the inventor failed to particularly point out and distinctly claim the improvement which he now claims constitutes his invention, it is his own fault. The patent can only be upheld upon the ground that the invention is for a new process of dyeing broom-corn. The mixture of dye is specifically named, and the patent must be confined to the named ingredients, notwithstanding the specification in the patent that the inventor stated that he did not confine himself "to these ingredients." The testimony is clear and convincing that respondent has never used the mixture of the ingredients specifically named in the patent. It shows beyond controversy that the dye used by respondent was purchased in the open market of merchants, and was an entirely different compound from that specified in the patent. No infringement of complainant's patent has been shown. The bill must be dismissed.